IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAYVON GRANT, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:22-CV-121-TES-CHW |
| VS. | : | |
| | : | |
| WARDEN ANNETTIA TOBY, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER

*Pro se* Plaintiff Dayvon Grant, a prisoner previously incarcerated at Hancock State Prison in Sparta, Georgia[1] filed a 42 U.S.C. § 1983 action. ECF No. 1. Plaintiff did not pay the $402.00 filing fee nor did he request leave to proceed without prepayment of the filing fee. Instead, Plaintiff submitted a letter declaring that he has paid $5.00 in another of his pending cases. ECF No. 2. This letter does not in any way relieve Plaintiff from his obligation to address the filing fee in the case at hand. Accordingly, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required supporting documentation[2].

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

---

[1] Plaintiff is now housed at Hays State Prison in Trion, Georgia.
[2] A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The Court's initial review finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has filed a thirty-four page pleading in which he names approximately seven Defendants. Plaintiff's complaint is a lengthy, rambling collection of allegations about seemingly unrelated events. In short, it is a typical shotgun pleading. The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). Plaintiff's original complaint is a shotgun pleading because it asserts multiple, seemingly unrelated claims against numerous defendants. *Id*. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).

Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

A plaintiff may not join unrelated claims and defendants in a single action. Here, Plaintiff has not only raised duplicative claims about an assault and his placement in segregation from another pending action[3] but he has also joined claims regarding the conditions of his confinement without "yard call" in March and April 2021 and a claim about excessive force from April 2021. *See* ECF No. 1 at 16-27. A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). As previously mentioned, this Court finds that Plaintiff's various claims are unrelated thus Plaintiff's complaint is subject to dismissal as a shotgun pleading.

Furthermore, a Plaintiff cannot not raise duplicative claims in two separate actions. *See Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021). "[A] suit is duplicative … if the parties, issues, and available relief do not significantly differ

---

[3] *See* ECF No. 2-1 at 18-28 in *Grant v. Washington*, Case # 5:21-cv-427-MTT-MSH

3

between the two actions." *IA. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Courts have summarily dismissed actions as frivolous or malicious where the complaints "merely repeat[] pending or previously litigated claims," even if the parties and claims in the two pending suits are not precisely the same. *See id.* at 1021 ("[R]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious."); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (per curiam) (affirming dismissal of complaint as frivolous where plaintiff had already filed a "pro se complaint which deals with issues directly related, if not identical to" issues in dismissed complaint); *Bazemore v. Casey*, 433 F. App'x 326, 327 (5th Cir. 2011) (per curiam) (finding district court did not abuse its discretion in dismissing case as malicious where "both the instant case and [the] prior case involve 'the same series of events' and contain allegations of 'many of the same facts'").

Here, Plaintiff raises claims surrounding an assault that took place in November 2020. ECF No. 1 at 10-15. He also complains about his placement in segregation following the assault from November 2020 through April 2021. *Id.* at 15-17. Plaintiff makes these same allegations in another of his pending actions. *Compare* ECF No. 1 at 10-17 with ECF No. 2-1 at 18-28 in *Grant v. Washington*, Case # 5:21-cv-427-MTT-MSH. Thus, Plaintiff's duplicative claims in this complaint are subject to dismissal as frivolous or malicious. *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (internal quotation marks omitted) (first alteration in

original)).

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). However, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

If Plaintiff wishes to proceed with a complaint separate from his other pending action under this civil action number then he must not only address the filing fee, but he must also submit an amended complaint. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. Plaintiff must keep in mind that he may include only related claims that have not been previously alleged in another case. If the Plaintiff wishes to pursue new and unrelated events then he is advised that these would be separate actions that must be filed in separate

complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number.

It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?[4]

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal

---

[4] In his prayers for relief, Plaintiff in part seeks a state court sentence modification, early release from prison, and access to government benefits. ECF No. 1 at 34. These are all requests for relief unavailable from the district court in Plaintiff's §1983 complaint. *See Lawrence v. Miami-Dade Cty. State Att'y Office*, 272 F. App'x 781 (11th Cir. 2008) ('Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.')".

terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original complaint.** Meaning, the Court will only consider the allegations and claims contained in Plaintiff's recast complaint. Plaintiff shall not include any exhibits or attachments in his recast complaint and *the complaint must be no longer than ten (10) pages.*

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed above, and (2) either pay the $402.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. Plaintiff is cautioned that failure to file the amended complaint on time, failure to address the filing fee, or failure to follow these instructions will result in dismissal of his complaint. *See* Fed. R Civ. P. 41(b); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff. There shall be NO SERVICE on any Defendant in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 25th day of April, 2022.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge